UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUMMA RESOURCE HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>CARBON ENERGY LIMITED,<br><br>Defendant. | Case No. 15-cv-05334-TEH<br><br>**ORDER RE: SUPPLEMENTAL BRIEFING IN LIEU OF APRIL 18, 2016 HEARING** |

This matter is currently set for oral argument on the Motions to Dismiss and Strike filed by Defendant Carbon Energy Limited. In lieu of oral argument, IT IS HEREBY ORDERED that each party shall file a supplemental brief of no more than fifteen pages by April 22, 2016, addressing the following questions:

**For Both Parties:**

1. Will Plaintiff be able to collect judgment if the case proceeds in Queensland and Plaintiff prevails? Why or why not?
2. Why does Plaintiff's choice of remedy inform whether Plaintiff has adequately alleged a breach of contract claim? *See* Mot. at 11 (Docket No. 16); Opp'n at 4 (Docket No. 17). Answer under Queensland law.

**For Plaintiff:**

3. Do you dispute Defendant's contention that Australia is an adequate alternative forum? If so, is the dispute only on the basis of Defendant's refusal to waive statute of limitations defenses?
4. Please address Defendant's arguments that (1) the statute of limitations has not yet expired on the majority of Plaintiff's claims, and (2) the statute of limitations has already expired on the Fourth Cause of Action (Intentional Interference with Prospective Economic Advantage). *See* Carbon Supp. Brief at 9 (Docket No. 26).

5. Please address Defendant's argument that the Foreign Judgments Act of 1991 does not explicitly allow United States courts' judgments to be registered for enforcement in Australia.  *See* Carbon Supp. Response at 12 (Docket No. 31).

6. Please address Defendant's argument that the claims of conversion, breach of fiduciary duty and unfair competition are "based on an alleged contractual obligation under the Agreement to issue Tranche 4 and 5 shares," and therefore Queensland law should apply to those claims.  *See* Carbon Supp. Brief at 1.

7. Regarding proof of falsity: why isn't it possible that Carbon wanted to promote the sale of its securities as ADRs *and* intended to pursue the Summa projects?  In other words, why are these mutually exclusive?

8. Please address Defendant's argument that Rule 9(b) applies to the breach of contract claim because the claim "describes fraudulent conduct." Mot. at 9.

**For Defendant:**

9. Please address Plaintiff's contention that Peter Swaddle, Andrew Dash and Jeff Nitsch could not necessarily be compelled to testify in Queensland merely because they reside "somewhere in Australia."  *See* Summa Supp. Response at 11 (Docket No. 30).

10. Please address Plaintiff's argument that litigating the case in California will not be inconvenient for Carbon because Carbon makes multiple trips to the United States and has established an office in New York.  *See* Summa Supp. Brief at 11 (Docket No. 27).

11. On page 6 of Defendant's Motion to Dismiss, Defendant states:

> The Agreement did not require Carbon Energy to explain or justify any decision to provide or not provide notice of Achievement of a Milestone under clause 8.1, or to explain or justify its Best Endeavours under clauses 8.4 or 8.6.  The Agreement did not allow Summa to unilaterally declare or deem Carbon Energy not to have used Best Endeavours or otherwise to have failed to meet its obligations under clauses 8.4 or 8.6.

If this statement is true, how would Plaintiff ever be able to allege a breach?

United States District Court
Northern District of California

12. Does Defendant argue that all Breach of Contract claims that involve intentional conduct would be held to the standard under Fed. R. Civ. P. 9(b) as opposed to 8(a)? In other words, it appears impossible for Defendant to breach an obligation to notify Plaintiff of Milestone Events or an obligation to use Best Endeavours *without* engaging in some type of fraudulent conduct.

Accordingly, the hearing on Defendant's Motions to Dismiss and Strike is hereby VACATED pursuant to Civil Local Rule 7-1(b), and the matter shall be taken under submission upon receipt of the parties' supplemental briefing.

**IT IS SO ORDERED.**

Dated:  04/18/16                    _____
                                    THELTON E. HENDERSON
                                    United States District Judge

3